IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Daily Gazette Company, *et al.*, | ) | Case No. 18-20028 |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | |

**ORDER AUTHORIZING THE EMPLOYMENT AND
RETENTION OF DIRKS VAN ESSEN & MURRAY AS BROKER FOR
THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE AND WAIVING
CERTAIN U.S. TRUSTEE TIME-KEEPING GUIDELINES**

Upon the application (the "Application"),[2] dated February 9, 2018, of Daily Gazette Company and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above captioned chapter 11 cases (the "Chapter 11 Cases"), for an order (this "Order") authorizing the employment and retention of Dirks, Van Essen & Murray ("Dirks Van Essen") as broker for the Debtors *nunc pro tunc* to the Petition Date, as described in detail in the Application and the Declaration of Philip W. Murray, dated February 9, 2018 and attached to the Application as **Exhibit A** (the "Murray Declaration"); and upon the Murray Declaration; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 Cases and the Application in this

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: Daily Gazette Company (4480); Daily Gazette Holding Company, LLC (2981); Charleston Newspapers Holdings, L.P. (3028); Daily Gazette Publishing Company, LLC (3074); Charleston Newspapers (6079); and G-M Properties, Inc. (4124). The Debtors' headquarters are located at 1001 Virginia St. E, Charleston, West Virginia 25301.

[2] Any terms not defined herein shall have the meaning ascribed to them in the Application.

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

    **IT IS HEREBY ORDERED THAT:**

1.    The Application is GRANTED.

2.    Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, each of the Debtors, as debtors-in-possession, is authorized to employ and retain Dirks Van Essen as their broker in accordance with the terms of the Engagement Letter to perform the services as set forth in the Engagement Letter, Application, and the Murray Declaration, *nunc pro tunc* to the Petition Date.

3.    The Fee Structure contained in the Engagement Letter is approved, and Dirks Van Essen is excused from compliance with otherwise applicable information and billing requirements, including those set forth in Bankruptcy Rule 2016 and the U.S. Trustee Guidelines, because (a) it is not the general practice of financial advisors or brokers, such as Dirks Van Essen, to keep detailed time records similar to those customarily kept by attorneys; (b) Dirks Van Essen does not ordinarily maintain contemporaneous time records in tenth-hour increments; and (c) as set forth in the Fee Structure, Dirks Van Essen is not seeking hourly compensation.

5.    The Indemnification Provision as set forth in the Engagement Letter is approved.

6.    The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

      7.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Order.

138528845.1