**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Daily Gazette Company, *et al.*, | ) | Case No. 18-20028 |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | |

**FINAL ORDER AUTHORIZING (I) PAYMENT OF PRE PETITION
EMPLOYEE WAGES, SALARIES, AND OTHER COMPENSATION;
(II) REIMBURSEMENT OF PRE-PETITION EMPLOYEE BUSINESS EXPENSES;
(III) PAYMENT OF PRE-PETITION TAX AND OTHER WITHHOLDINGS TO
THIRD PARTIES; (IV) CONTRIBUTIONS TO PRE-PETITION EMPLOYEE
HEALTH AND OTHER BENEFIT PROGRAMS AND CONTINUATION
OF SUCH PROGRAMS; (V) PAYMENT OF WORKERS' COMPENSATION
OBLIGATIONS AND OTHER INSURANCE PREMIUMS; (B) AUTHORIZING
BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER
REQUESTS RELATED THERETO; AND (C) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") seeking entry of an order, pursuant to sections 105(a), 363(b), 507(a)(4)-(5), 541, 1107, and 1108 of the Bankruptcy Code, (a) authorizing, but not directing, the Debtors, in accordance with their existing policies and subject to the limitations set forth below, to (i) pay all pre-petition wages, salaries, and other compensation owed to the Debtors'

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: Daily Gazette Company (4480); Daily Gazette Holding Company, LLC (2981); Charleston Newspapers Holdings, L.P. (3028); Daily Gazette Publishing Company, LLC (3074); Charleston Newspapers (6079); and G-M Properties, Inc. (4124). The Debtors' headquarters are located at 1001 Virginia St. E, Charleston, West Virginia 25301.

[2] Terms used, but not defined, herein shall have the meanings ascribed to them in the Motion.

138893441.1

employees; (ii) reimburse pre-petition business expenses incurred by the Debtors' employees; (iii) pay pre-petition employee tax and other withholdings to third-parties; (iv) maintain and make contributions to pre-petition health and other employee benefit programs; (v) honor pre-petition workers' compensation obligations and other insurance premiums; (b) authorizing and directing banks (the "Banks") to honor and process check and electronic transfer requests related to the foregoing; and (c) granting such other and further relief as may be appropriate; and this Court having entered the Interim Order on February 1, 2018 granting the Motion on an interim basis [Dkt. #33]; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given under the circumstances and this Court having found that good and sufficient cause exists for the relief granted by this Order, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are hereby authorized, but not obligated, to pay to their employees all wages, salaries, and commissions (including all federal, state, and local payroll taxes, deductions, and withholdings pertaining to any payments made pursuant to this Order) that have accrued by virtue of the services rendered; *provided, however*, that no employee shall receive an amount in excess of $12,850 on account of any such wages and salaries.

3. The Debtors are hereby authorized, but not obligated, to allow their employees to continue to accrue and utilize vacation time in accordance with existing policies and practices.

138893441.1

4. The Debtors are hereby authorized, but not obligated, to pay all out-of-pocket business and business-related expenses incurred by their employees that arose or accrued prior to the Petition Date in accordance with existing policies and practices.

5. The Debtors are hereby authorized, but not obligated, to pay to or for the benefit of the Debtors' employees all of the Employee Benefits (as defined in the Motion), including without limitation the Medical Plans and the Dental Plan, the 401(k) Plan and all other premiums or amounts that arose or accrued prior to the Petition Date provided that no payments to any individual employee on account of these benefits shall exceed $12,850.

6. The Debtors are hereby authorized, but not obligated, to forward the Employee Deductions (as defined in the Motion) to the appropriate parties.

7. The Banks are authorized, when requested by the Debtors, to receive, process, honor, and pay any and all checks drawn on, or electronic transfer requests from, their accounts, whether such checks or requests are presented or submitted prior to or after the Petition Date, to the extent such checks or requests are expressly identified by the Debtors as related directly to Insurance Obligations, provided that sufficient funds are available in the applicable bank accounts to make such payments.

8. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Order, and any such Banks shall not have any liability to any party for relying on such representations.

9. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission regarding the validity or amount of any claim against the Debtors; (b) a waiver of the Debtors' rights to subsequently dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request

138893441.1

Case 2:18-bk-20028 Doc 122 Filed 03/08/18 Entered 03/08/18 14:30:01 Desc Main
Document Page 4 of 4

or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

10. The notice of the relief requested in the Motion satisfies Bankruptcy Rule 6004(a) and, pursuant to Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all steps necessary or appropriate to carry out the terms of this Order.

12. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

- 4 -
138893441.1