# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Daily Gazette Company, *et al.*, | ) | Case No. 18-20028 |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | |

**FINAL ORDER AUTHORIZING DEBTORS TO (A) MAINTAIN EXISTING BANK ACCOUNTS AND CONTINUE USE OF CASH MANAGEMENT SYSTEM, (B) CONTINUE USE OF EXISTING BUSINESS FORMS AND (C) OPEN NEW DEBTOR IN POSSESSION ACCOUNTS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order, pursuant to sections 105(a), 345(b), 363, 364, 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to (a) maintain their existing Bank Accounts and continue to use their existing Cash Management System, (b) continue to use their existing Business Forms and (c) open new debtor-in-possession accounts in their sole discretion; and this Court having entered the Interim

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: Daily Gazette Company (4480); Daily Gazette Holding Company, LLC (2981); Charleston Newspapers Holdings, L.P. (3028); Daily Gazette Publishing Company, LLC (3074); Charleston Newspapers (6079); and G-M Properties, Inc. (4124). The Debtors' headquarters are located at 1001 Virginia St. E, Charleston, West Virginia 25301.

[2] Capitalized terms not otherwise defined in this Order shall bear the meanings ascribed thereto in the Motion.

138893174.1

Order on February 1, 2018 granting the Motion on an interim basis [Dkt. #34]; and upon the record of the final hearing on the Motion, if any; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given under the circumstances; and it appearing that no other or further notice of the Motion is required; and this Court having found that good and sufficient cause exists for the relief granted by this Order,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized to: (a) maintain and continue to use their bank accounts in existence on the Petition Date, including, without limitation, those accounts identified on Exhibit A to the Motion (the "Bank Accounts") in the ordinary course of operating their business as a going concern; (b) treat the Bank Accounts for all purposes as debtor-in-possession accounts; (c) maintain and continue to use their Cash Management System, in substantially the same form described in the Motion; (d) if needed, and as determined solely by the Debtors, open new debtor-in-possession accounts; and (e) continue to use, in their present form, all correspondence and Business Forms related to the Bank Accounts, without reference to their status as debtors-in-possession; provided, however, that upon depletion of the Business Forms stock, the Debtors will obtain new Business Forms reflecting their status as debtors-in-possession.

3. Any requirements by the United States Trustee or otherwise to open separate

debtor-in-possession accounts are waived, unless otherwise specified herein.

4. Except as otherwise expressly provided in the Interim Order and this Final Order, the banks at which the Bank Accounts are maintained (collectively, the "Banks") are authorized and directed to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors-in-possession, without interruption and in the ordinary course and to receive, process, honor and pay any and all checks, drafts, wires and automated clearing house transfers issued, payable through, or drawn on the Bank Accounts after the Petition Date by the holders, makers or other parties entitled to issue instructions with respect thereto, as the case may be, provided, however, that any check, advice, draft or other notification drawn or issued by the Debtors before the Petition Date may be honored by any bank only if specifically authorized by order of this Court.

5. The Debtors may disburse funds by debit, check, wire or automatic clearing house payment and other similar methods.

6. The Banks are authorized to debit the Debtors' accounts in the ordinary course of business without the need for further order of this Court on account of: (a) all checks drawn on the Debtors' accounts which were cashed at such Bank or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (b) all checks or other items deposited in one of Debtors' accounts with such Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, but only to the extent the Debtors were responsible for such items prior to the Petition Date and to the extent payment of such pre-petition amounts has been authorized pursuant to an order of this Court; and (c) all undisputed pre-petition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the cash management system.

7. The Banks are authorized and directed to accept and honor all representations from the Debtors as to which checks, drafts, wires or automatic clearing house payments should be honored or dishonored consistent with any order(s) of this Court and governing law, whether such checks, drafts, wires or automatic clearing house transfers are dated prior to or subsequent to the Petition Date.

8. Notwithstanding any other provision of the Interim Order or this Final Order, if the Bank that honors a pre-petition check or other item drawn on any account that is the subject of this Order (a) at the direction of the Debtors; (b) in good faith belief that the Court has authorized such pre-petition check or item to be honored; or (c) as the result of an innocent mistake made despite implementation of reasonable item handling procedures, it shall not be deemed to be liable to the Debtors or the estate or otherwise in violation of the Interim Order or this Final Order.

9. The Banks are authorized to charge and the Debtors are authorized to pay, honor or allow ordinary course and reasonable pre-petition and post-petition fees, costs, charges and expenses (the "Bank Fees") and charge back returned items to the Bank Accounts in the ordinary course.

10. The Debtors are authorized to open any new bank accounts or close existing bank accounts as they may deem necessary and appropriate in their sole discretion; provided that the Debtors give notice to the UST and any official committee appointed in these chapter 11 cases.

11. For all purposes in the Interim Order and in this Final Order, any and all accounts opened by the Debtors on or after the Petition Date at any bank shall be deemed a Bank Account (as if it had been opened prior to the Petition Date and listed on Exhibit A to the Motion) and any and all banks at which such accounts are opened shall similarly be subject to the rights and

obligations of the Interim Order and this Final Order.

12. The Banks are authorized to pay obligations in accordance with this Final Order or any separate order of this Court.

13. Except as otherwise provided in this Final Order or in a separate order of this Court, the Bank shall not honor or pay any payments drawn on the listed Bank Accounts or otherwise issued prior to the Petition Date.

14. Bankruptcy Code Section 345 has been satisfied, or a limited waiver thereof as described in the Motion is granted.

15. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062 or 9014, the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

16. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission regarding the validity or amount of any claim against the Debtors; (b) a waiver of the Debtors' rights to subsequently dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

17. The Debtors are authorized to take all steps necessary or appropriate to carry out the terms of this Order.

18. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.