**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Daily Gazette Company, *et al.*, | ) | Case No. 18-20028 |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | |

**FINAL ORDER PURSUANT TO SECTIONS 105(a), 363 AND 507(a)(8) OF THE BANKRUPTCY CODE (A) AUTHORIZING DEBTORS TO PAY CERTAIN PREPETITION TAX OBLIGATIONS AND (B) AUTHORIZING BANKS TO PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order, pursuant to sections 105(a), 363 and 507(a)(8) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004 (a) authorizing, but not directing, the Debtors to pay certain prepetition tax obligations, and (b) authorizing and directing banks (the "Banks") to honor and process check and electronic transfer requests related to the foregoing; and this Court having entered the Interim Order on February 1, 2018 granting the Motion on an interim basis [Dkt. #37]; and upon the record of the final hearing on the Motion, if any; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: Daily Gazette Company (4480); Daily Gazette Holding Company, LLC (2981); Charleston Newspapers Holdings, L.P. (3028); Daily Gazette Publishing Company, LLC (3074); Charleston Newspapers (6079); and G-M Properties, Inc. (4124). The Debtors' headquarters are located at 1001 Virginia St. E, Charleston, West Virginia 25301.

[2] Capitalized terms used in this Interim Order but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

138893498.1

and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given under the circumstances; and it appearing that no other or further notice of the Motion is required; and this Court having found that good and sufficient cause exists for the relief granted by this Order, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to pay prepetition Taxes to the applicable Taxing Authorities.

3. The Banks are authorized, when requested by the Debtors, to receive, process, honor, and pay any and all checks drawn on, or electronic transfer requests from, their accounts, whether such checks or requests are presented or submitted prior to or after the Petition Date, to the extent such checks or requests are expressly identified by the Debtors as related directly to Insurance Obligations, provided that sufficient funds are available in the applicable bank accounts to make such payments.

4. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Order, and any such Banks shall not have any liability to any party for relying on such representations.

5. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission regarding the validity or amount of any claim against the Debtors; (b) a waiver of the Debtors' rights to subsequently

dispute any claim on any grounds; (c) a promise or requirement to pay any claim; or (d) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

6. The notice of the relief requested in the Motion satisfies Bankruptcy Rule 6004(a) and, pursuant to Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be immediately effective and enforceable upon its entry.

7. The Debtors are authorized to take all steps necessary or appropriate to carry out the terms of this Order.

8. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

138893498.1