## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Daily Gazette Company, *et al.*, | ) | Case No. 18-20028 |
| | ) | (Jointly Administered) |
| Debtors. [1] | ) | |

## FINAL ORDER AUTHORIZING THE DEBTORS TO HONOR CERTAIN PREPETITION  OBLIGATIONS FOR THE BENEFIT OF CUSTOMERS, SUBSCRIBERS AND  ADVERTISERS AND TO OTHERWISE CONTINUE CUSTOMER PROGRAMS AND PRACTICES IN THE ORDINARY COURSE OF BUSINESS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order, pursuant to sections 105(a), 363(b), 507(a), 553, 1107(a) and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), (a) authorizing, but not directing, the Debtors to honor, in their sole discretion, certain prepetition obligations for the benefit of their customers, advertisers, and subscribers in the ordinary course of their businesses ("Customer Programs"), and (b) authorizing and directing banks to honor and process check and electronic transfer requests

---

[1]    The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: Daily Gazette Company (4480); Daily Gazette Holding Company, LLC (2981); Charleston Newspapers Holdings, L.P. (3028); Daily Gazette Publishing Company, LLC (3074); Charleston Newspapers (6079); and G-M Properties, Inc. (4124).  The Debtors' headquarters are located at 1001 Virginia St. E, Charleston, West Virginia 25301.

[2]    Capitalized terms used in this Interim Order but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

related to the foregoing; and this Court having entered the Interim Order on February 1, 2018

granting the Motion on an interim basis [Dkt. #41]; and upon the record of the final hearing on

the Motion, if any; and this Court having jurisdiction over this matter pursuant to 28 U.S.C.

§§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28

U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of

the United States Constitution; and this Court having found that venue of this proceeding and the

Motion in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Motion having been given under the circumstances; and it appearing

that no other or further notice of the Motion is required; and this Court having found that good

and sufficient cause exists for the relief granted by this Order, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      The Debtors are authorized, but not directed, to continue to (a) honor and

perform, in their sole discretion, prepetition obligations related to the Customer Programs in the

ordinary course of their business, and (b) continue, renew, replace, implement or terminate such

of the Customer Programs in the ordinary course of business, without further application to the

Court.

3.      The Debtors are authorized, but not directed, to continue to (a) honor and

perform, in their sole discretion, prepetition obligations related to the Customer Programs in the

ordinary course of their business, and (b) continue, renew, replace, implement or terminate such

of the Customer Programs in the ordinary course of business, without further application to the

Court.

4.      The Banks are authorized, when requested by the Debtors, to receive, process,

honor, and pay any and all checks drawn on, or electronic transfer requests from, their accounts,

- 2 -

138893293.1

whether such checks or requests are presented or submitted prior to or after the Petition Date, to the extent such checks or requests are expressly identified by the Debtors as related directly to Insurance Obligations, provided that sufficient funds are available in the applicable bank accounts to make such payments.

5.      The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Order, and any such Banks shall not have any liability to any party for relying on such representations.

6.      Nothing in the Motion or this Order, or the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the amount, validity or priority of any claim against the Debtors on account of the Customer Programs; (b) a waiver of the Debtors' right to dispute any claim on account of a Customer Program on any grounds; (c) a promise to pay any claim; or (d) a request to assume any executory contract or unexpired lease, pursuant to section 365 of the Bankruptcy Code.

7.      The notice of the relief requested in the Motion satisfies Bankruptcy Rule 6004(a) and, pursuant to Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be immediately effective and enforceable upon its entry.

8.      The Debtors are authorized to take all steps necessary or appropriate to carry out the terms of this Order.

9.      This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

138893293.1