# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Daily Gazette Company, *et al.*, | ) Case No. 18-20028 |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |

## DEBTORS' MOTION TO SHORTEN NOTICE PERIOD
## AND TO SET EXPEDITED HEARING ON DEBTORS' MOTION
## FOR AUTHORITY TO DISBURSE NET SALE PROCEEDS

Daily Gazette Company, and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby files this motion to shorten the notice period and to set an expedited hearing on Debtors' Motion for Authority to Disburse Net Sale Proceeds [Dkt. No. 152] (the "Disbursement Motion") and respectfully state as follows:

1.  On March 12, 2018, the Court entered an order approving the sale of substantially all of the Debtors' assets to HD Media Company, LLC. The Debtors anticipate a closing (the "Closing") of such sale to occur on or before March 31, 2018.

2.  Upon Closing, the Debtors will have certain obligations that they must satisfy, including, among other things, a break-up fee payable to Charleston Newspapers, LLC—the original stalking horse bidder—transaction bonuses owed to certain of the Debtors' "key" employees, and a commission owed to the Debtors' consultant and broker, Dirks Van Essen & Murray. In addition, United Bank is entitled to receive the net proceeds of sale because such proceeds constitute United Bank's cash collateral. Nevertheless, United Bank has agreed that the

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: Daily Gazette Company (4480); Daily Gazette Holding Company, LLC (2981); Charleston Newspapers Holdings, L.P. (3028); Daily Gazette Publishing Company, LLC (3074); Charleston Newspapers (6079); and G-M Properties, Inc. (4124). The Debtors' headquarters are located at 1001 Virginia St. E, Charleston, West Virginia 25301.

Debtors can retain sufficient cash to satisfy (a) administrative claims arising prior to Closing, and (b) certain expenses necessary to effectively and efficiently wind-down the Debtors' and their business, including, without limitation, (i) expenses associated with terminating or rolling over employee-related benefits such as 401(k) and other similar plans, (ii) retaining an accountant to prepare tax returns for 2017 and the 2018 stub-period, (iii) the payment of U.S. Trustee fees, and (iv) the dissolution of the Debtors.

3. Pursuant to the Disbursement Motion, the Debtors seek approval to pay Dirks Van Essen & Murray its commission and the net sale proceeds to United Bank upon Closing to ensure that such payments are made before the end of the first quarter of 2018.

4. Bankruptcy Rule 2002 provides that 21 days' notice must be given in connection with any proposed use of estate assets outside the ordinary course of business. Fed. R. Bankr. P. 2002(a)(2). For cause, the Court may shorten such 21-day notice period. Fed. R. Bankr. P. 9006(c)(1).

5. The Debtors seek to shorten the 21-day notice period. Since the inception of these cases, it has been the Debtors' intention to close on the sale of substantially all of the Debtors' assets within the first quarter of 2018, which would permit United Bank to receive that to which it is entitled—the net proceeds of sale—before the end of the quarter. Such relief is not prejudicial to the Debtors or their estates because, as set forth in more detail in the Disbursement Motion, United Bank has agreed to ensure that all closing related expenses, undisputed administrative expense claims and so-called "wind-down" expenses will be paid from either the Debtors' existing cash on hand or the proceeds of sale, all of which consists of United Bank's collateral.

6. Accordingly, the Debtors request a March 28, 2018 hearing on the Disbursement Motion to be held before the Court at 1:30 p.m. in Charleston, West Virginia. The Debtors further request that the Court set a March 27, 2018 deadline to object to the relief requested in the Disbursement Motion.

WHEREFORE, the Debtors respectfully request the entry of an order shorting the notice period, establishing an objection deadline, and setting a hearing for 1:30 p.m. on March 28, 2018 in Charleston West Virginia.

Dated: March 16, 2018

**PERKINS COIE LLP**

By: /s/ *Brian A. Audette*
Brian A. Audette (IL Bar No. 6277056)
(Admitted Pro Hac Vice)
131 S. Dearborn St., Suite 1700
Chicago, IL 60603
Telephone: 312.324.8534
baudette@perkinscoie.com

-and-

Joe M. Supple, Bar. No. 8013
SUPPLE LAW OFFICE, PLLC
801 Viand St.
Point Pleasant, WV 25550
Telephone: 304.675.6249
joe.supple@supplelaw.net

*Co-Counsel to the Debtors and Debtors in Possession*

138996319.1