**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Daily Gazette Company, *et al.*, | ) | Case No. 18-20028 |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |

**DEBTORS' MOTION FOR AUTHORITY TO**
**ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS**

Daily Gazette Company, and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby move (this "Motion"), pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order authorizing the Debtors to assume and assign certain executory contracts and, in support thereof, state as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b), and the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: Daily Gazette Company (4480); Daily Gazette Holding Company, LLC (2981); Charleston Newspapers Holdings, L.P. (3028); Daily Gazette Publishing Company, LLC (3074); Charleston Newspapers (6079); and G-M Properties, Inc. (4124). The Debtors' headquarters are located at 1001 Virginia St. E, Charleston, West Virginia 25301.

139089633.1

4. The statutory bases for the relief requested herein is section 365 of the Bankruptcy Code and Bankruptcy Rule 6006.

## BACKGROUND

### A. Chapter 11 Filings And The Debtors' Business

5. On January 30, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief with the Court under chapter 11 of the Bankruptcy Code. The Debtors are continuing to operate and maintain their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or creditors' committee has been appointed in these Chapter 11 Cases.

6. The Debtors, headquartered in Charleston, West Virginia, collectively operate privately owned information and entertainment businesses consisting of the flagship newspaper, The Charleston Gazette-Mail, as well as a related website, weekly publications, a saturation mail product and the following verticals: www.wvcarfinder.com; www.wvrealestatefinder.com; www.wvjobfinder.com; and www.gazettemailclassifieds.com. As of the Petition Date, the Debtors employed, collectively, approximately 210 people, approximately 170 of which are full-time employees and 40 of which are part-timers.

### B. The Sale Process

7. Prior to the Petition Date, the Debtors engaged Dirks, Van Essen & Murray ("Dirks Van Essen") to market substantially all of the Debtors' assets for sale. As a result of Dirks Van Essen's efforts, on January 29, 2018, the Debtors entered into an asset purchase agreement (the "Stalking Horse APA") with Charleston Newspapers, LLC (the "Stalking Horse Bidder"), which Stalking Horse APA was subject to higher and better bids.

8. On the Petition Date, the Debtors filed Debtors' Motion Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code for: (I) an Order (A) Approving and Authorizing

Bidding Procedures in Connection with the Sale of Substantially all of the Debtors' Assets, (B) Approving and Authorizing the Break-Up Fee, (C) Scheduling the Related Auction and Hearing to Consider Approval of the Sale, (D) Approving Procedures Related to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (E) Approving the Form and Manner of Notice Thereof, and (F) Granting Related Relief; and (II) An Order (A) Authorizing the Sale of Substantially all the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (B) Authorizing and Approving the Debtors' Performance Under the Asset Purchase Agreement, (C) Approving the Assumption and Assignment of Certain of the Debtors' Executory Contracts and Unexpired Leases Related Thereto, and (D) Granting Related Relief.

9.  On February 1, 2018, the Court entered the Order (A) Approving and Authorizing Bidding Procedures in Connection with the Sale of Substantially all the Debtors' Assets, (B) Approving and Authorizing the Break-Up Fee, (C) Scheduling the Related Auction and Hearing to Consider Approval of the Sale, (D) Approving Procedures Related to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (E) Approving the Form and Manner of Notice Thereof, and (F) Granting Related Relief (the "Bid Procedures Order"). Among other things, the Bid Procedures Order approved certain procedures relating to the Debtors' proposed assumption and assignment of certain executory contracts and unexpired leases. In that regard, the Debtors filed and served three notices to counterparties to executory contracts and unexpired leases regarding the Debtors' potential assumption and assignment of such contracts and leases, which included a list of contracts and leases and proposed cure amounts (collectively, the "Contract Notices"). *See* Dkt. #'s 66, 77 and 97.[2] The Bid Procedures Order also provided that: (a) competing bids were due by March 6, 2018; (b) to the extent any

---

[2] The notice at Dkt. #77 did not included proposed cure amounts; thus, an amended notice [Dkt. #97] was filed to correct that deficiency.

competing bids were received, the Debtors would conduct an auction (the "Auction") for the sale of their assets on March 8, 2018; and (c) the hearing to approve the sale of the Debtors' assets would be held on March 9, 2018.

10. On March 6, 2018, the Debtors received a competing bid for the acquisition of their assets from HD Media Company, LLC ("HD Media") pursuant to the terms of an asset purchase agreement (the "HD Media APA") that included a gross purchase price of $11,487,243 (the "Purchase Price"). Prior to the Auction, the Stalking Horse Bidder informed the Debtors that it did not wish to increase its bid or participate in the Auction. Accordingly, at the Auction on March 8, 2018, the Debtors named HD Media as the successful bidder pursuant to the HD Media APA.

11. On March 12, 2018, the Court entered the Order (A) Authorizing the Sale of Substantially all of the Debtors' Assets Free and Clear of all Liens, Claims, Encumbrances, and Other Interests, (B) Authorizing and Approving the Debtors' Performance Under the Asset Purchase Agreement, (C) Approving the Assumption and Assignment of Certain of the Debtors' Executory Contracts and Unexpired Leases Related Thereto, and (D) Granting Related Relief (the "Sale Order"). Among other things, the Sale Order approved the HD Media APA and authorized the Debtors to assume and assign those executory contracts and unexpired leases included in the Contract Notices and that HD Media designates as Purchaser Assumed Contracts pursuant to the terms of the HD Media APA. The Debtors and HD Media expect to close on or before March 31, 2018 or such other date to which the parties may agree (the "Closing").

12. Recently, the Debtors discovered that they inadvertently omitted eight executory contracts from their Contract Notices (collectively, the "Contracts"). The Debtors notified HD Media and provided copies of the Contracts to HD Media and HD Media has informed the

Debtors that it desires to have such Contracts assumed and assigned to it. A list of the Contracts is attached hereto as <u>Exhibit A</u>, which also includes the amount that the Debtors believe must be paid to cure any monetary defaults under the Contracts (the "<u>Cure Amounts</u>"). The counterparties to the Contracts are: (a) Adobe; (b) Chartbeat; (c) CitySpark, Inc.; (d) Community Holdings of West Virginia, Inc. d/b/a The Bluefield Daily Telegraph; (e) Community Holdings of West Virginia, Inc. d/b/a The Register-Herald; (f) EZ Hi Tech; (g) Sears Holdings c/o NSA Media; and (h) Smithers Mini Storage (collectively, the "<u>Contract Counterparties</u>").

## **RELIEF REQUESTED**

13.     The Debtors respectfully request the entry of an order authorizing them to assume the Contracts and assign them to HD Media pursuant to section 365 of the Bankruptcy Code, with such assumption and assignment effective only upon Closing.

## **BASIS FOR RELIEF REQUESTED**

14.     Under section 365(a) of the Bankruptcy Code, a debtor in possession may, subject to the court's approval, assume or reject any executory contract or unexpired lease of a debtor. 11 U.S.C. § 365(a). The standard governing the Court's approval of a debtor's decision to assume or reject an executory contract or unexpired lease is whether the debtor's business judgment supports assumption or rejection. See *Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc. (In re Richmond Metal Finishers, Inc.)*, 756 F.2d 1043, 1046-47 (4th Cir. 1985). The business judgment test "requires only that the trustee [or debtor-in-possession] demonstrate that [assumption or] rejection of the contract will benefit the estate." *Wheeling-Pittsburgh Steel Corp. v. West Penn Power Co. (In re Wheeling Pittsburgh Steel Corp.)*, 72 B.R. 845, 846 (Bankr. W.D. Pa. 1987) (quoting *In re Stable Mews Assocs., Inc.*, 41 B.R. 594, 596 (Bankr. S.D.N.Y. 1984)). Any more exacting scrutiny would slow the administration of a debtor's estate and increase costs, interfere with the Bankruptcy Code's provision for private control of

administration of the estate, and threaten the court's ability to control a case impartially. *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1311 (5th Cir. 1985). Moreover, pursuant to section 365(b) of the Bankruptcy Code, for a debtor to assume an executory contract, it must "cure, or provide adequate assurance that the debtor will promptly cure," any default, including compensation for "actual pecuniary loss" relating to such default. 11 U.S.C. § 365(b)(1).

15. Once an executory contract is assumed, the debtor may elect to assign such contract. *See In re RickelHome Ctr., Inc.*, 209 F.3d 291, 299 (3d Cir. 2000) ("The Code generally favors free assignability as a means to maximize the value of the debtor's estate."); *see also In re Headquarters Dodge, Inc.*, 13 F.3d 674, 682 (3d Cir. 1994) (noting that the purpose of section 365(f) is to assist the trustee in realizing the full value of the debtor's assets). Section 365(f) of the Bankruptcy Code provides that the "trustee may assign an executory contract . . . only if the trustee assumes such contract . . . and adequate assurance of future performance is provided." 11 U.S.C. § 365(f)(2). The meaning of "adequate assurance of future performance" depends on the facts and circumstances of each case, but should be given a "practical, pragmatic construction." *In re DBSI, Inc.*, 405 B.R. 698, 708 (Bankr. D. Del. 2009); *see also In re Res. Tech., Corp.*, No. 08 C 2425, 2008 WL 4876846, *4 (Bankr. N.D. Ill. Nov. 7, 2008). Adequate assurance may be provided by demonstrating the assignee's financial health and experience in managing the type of enterprise or property assigned. *See, e.g., In re Bygaph, Inc.*, 56 B.R. 596, 605-06 (Bankr. S.D.N.Y. 1986) (finding that adequate assurance is present when prospective assignee of lease from debtor has financial resources and has expressed willingness to devote sufficient funding to business to give it strong likelihood of success).

16. Here, the Debtors have properly exercised their business judgment in determining to assume the Contracts and assign them to HD Media in connection with the sale of substantially all of their assets. Following the Closing, the Debtors will have no further need for the Contracts; however, HD Media will have such a need after taking over the Debtors' business. Accordingly, it makes good business sense for the Debtors to assume the Contracts and assign them to HD Media.

17. As the owner and publisher of The Herald-Dispatch out of Huntington, West Virginia, HD Media has substantial experience in the Debtors' industry. Moreover, HD Media has familiarity with the Debtors' business operations, as the Debtors print The Herald-Dispatch for HD Media. Further, HD Media has the financial wherewithal to successfully operate the Debtors' business and perform pursuant to the Contracts. Indeed, HD Media provided the Debtors with sufficient financial information to induce the Debtors to deem HD Media a "Qualified Bidder" pursuant to the Bid Procedures. Accordingly, the Debtors believe that HD Media will be able to adequately perform under the Contracts following Closing.

18. In addition, the Debtors have reviewed their books and records in determining the Cure Amounts and believe they accurately represent the amounts that must be paid to assume and assign the Contracts. Under the HD Media APA, HD Media is responsible for funding the Cure Amounts at Closing, and the Debtors anticipate that such Cure Amounts, if any, will be paid to the Contract Counterparties within three business days following the Closing. The payment of the Cure Amounts will be in full and final satisfaction of all obligations to cure defaults and compensate the Contract Counterparties for any pecuniary losses under such contracts or leases pursuant to section 365(b)(1) of the Bankruptcy Code.

19. To facilitate and effectuate the Closing, the Debtors request approval under section 365 of the Bankruptcy Code of the Debtors' assumption and assignment of the Contracts to HD Media. The Debtors further request that any order approving this Motion provide that, upon Closing, the Contracts be transferred to, and remain in full force and effect for the benefit of, HD Media, notwithstanding any provisions in the Contracts, including those described in Bankruptcy Code sections 365(b)(2) and (f)(1) and (3) that prohibit such assignment.

20. Accordingly, the Court should authorize the Debtors to assume the Contracts and assign them to HD Media.

**NOTICE**

21. Notice of this Motion and a copy of this Motion has been served upon: (a) the Office of the United States Trustee; (b) the Office of the United States Attorney for the Southern District of West Virginia; (c) the Internal Revenue Service; (d) counsel to United Bank; (e) counsel to HD Media; (f) the Contract Counterparties; (g) the Debtors' top 20 largest unsecured creditors; and (h) all parties that have requested notice and/or have appeared in these Chapter 11 Cases.

WHEREFORE, the Debtors respectfully request the entry of an order authorizing the Debtors to assume the Contracts and assign them to HD Media effective as of the Closing, and granting such other and further relief as is just.

Dated: March 23, 2018                **PERKINS COIE LLP**

By: /s/ *Brian A. Audette*
Brian A. Audette (IL Bar No. 6277056)
(Admitted Pro Hac Vice)
131 S. Dearborn St., Suite 1700
Chicago, IL 60603
Telephone: 312.324.8534
baudette@perkinscoie.com

- 9 -

-and-

Joe M. Supple, Bar. No. 8013
SUPPLE LAW OFFICE, PLLC
801 Viand St.
Point Pleasant, WV 25550
Telephone: 304.675.6249
joe.supple@supplelaw.net

*Co-Counsel to the Debtors and Debtors in Possession*

139089633.1

# **EXHIBIT A**

## ADDITIONAL EXECUTORY CONTRACTS TO BE ASSUMED AND ASSIGNED

| Contract Party | Description | Cure Amount |
|---|---|---|
| Adobe<br>Corporate Headquarters<br>345 Park Avenue<br>San Jose, CA 95110-2704 | Adobe CC Monthly | $0.00 |
| Chartbeat<br>826 Broadway, 6th Fl.<br>New York, NY 10003 | IT Analytics | $0.00 |
| CitySpark, Inc.<br>9690 S 300 W<br>Sandy, UT 84070 | IT Services - Software License | $0.00 |
| Community Holdings of West Virginia, Inc.<br>dba The Bluefield Daily Telegraph<br>928 Bluefield Ave.<br>Bluefield, WV 24701 | Delivery Services | $0.00 |
| Community Holdings of West Virginia, Inc.<br>dba The Register-Herald<br>801 N. Kanawha Street<br>Beckley, WV 25801 | Delivery Services | $0.00 |
| EZ Hi Tech<br>1140 Rt. 22 West<br>Mountainside, NJ 07092 | Maintenance Trendsetter News CTP | $0.00 |
| Sears Holdings<br>c/o NSA Media<br>Attn: AP<br>PO Box 7037<br>Downers Grove, IL 60515 | Vendor Agreement | $0.00 |
| Smithers Mini-Storage<br>PO Box 39<br>Smithers, WV 25186 | Storage | $0.00 |