Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

Dated: March 26th, 2018

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Daily Gazette Company, *et al.*, | ) | Case No. 18-20028 |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |

### ORDER APPROVING DEBTORS' KEY EMPLOYEE INCENTIVE PLAN

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order, pursuant to sections 105(a), 363(b) and 503(c) of the Bankruptcy Code, approving the Debtors' Key Employee Incentive Plan (the "KEIP"), a copy of which is attached to the Motion as Exhibit B; and upon the record of the hearing on the Motion, if any; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having found that

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: Daily Gazette Company (4480); Daily Gazette Holding Company, LLC (2981); Charleston Newspapers Holdings, L.P. (3028); Daily Gazette Publishing Company, LLC (3074); Charleston Newspapers (6079); and G-M Properties, Inc. (4124). The Debtors' headquarters are located at 1001 Virginia St. E, Charleston, West Virginia 25301.

[2] Capitalized terms used in this Order but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

138257748.1

venue of this proceeding and the Motion in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given under the circumstances; and it appearing that no other or further notice of the Motion is required; and this Court having found that good and sufficient cause exists for the relief granted by this Order, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors KEIP, in the form attached to the Motion as Exhibit B, is approved in all respects.

3. The Debtors are authorized to pay the Key Employees the incentive payments earned under the KEIP in accordance with the terms and conditions of the KEIP.

4. All payments made pursuant to this Order constitute transfers and obligations permitted by 11 U.S.C. § 503(c)(3).

5. Nothing in the Motion or this Order, nor as a result of the Debtors' payment of any obligation pursuant to this Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors or an approval or assumption of any employment or insurance agreement pursuant to 11 U.S.C. § 365.

6. The notice of the relief requested in the Motion satisfies Bankruptcy Rule 6004(a) and, pursuant to Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be immediately effective and enforceable upon its entry.

7. The Debtors are authorized to take all steps necessary or appropriate to carry out the terms of this Order.

8. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

138257748.1