**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Daily Gazette Company, *et al.*, | ) | Case No. 18-20028 |
| | ) | |
| Debtors. [1] | ) | (Jointly Administered) |

**DEBTORS' APPLICATION TO EXPAND THE SCOPE OF**
**BROWN EDWARDS & COMPANY, L.L.P.'S RETENTION AS ACCOUNTANTS**

Daily Gazette Company, and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby apply (this "Application"), pursuant to sections 327 and 328 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order expanding the scope of the Debtors' retention of Brown Edwards & Company, L.L.P. ("BEC") as the Debtors' accountants, and state as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2.      This is a core proceeding under 28 U.S.C. § 157(b), and the Debtors consent to entry of a final order by the Court in connection with this Application to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1]    The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: Daily Gazette Company (4480); Daily Gazette Holding Company, LLC (2981); Charleston Newspapers Holdings, L.P. (3028); Daily Gazette Publishing Company, LLC (3074); Charleston Newspapers (6079); and G-M Properties, Inc. (4124).

4.      The statutory bases for the relief requested herein is sections 327 and 328 of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND

5.      On January 30, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief with the Court under chapter 11 of the Bankruptcy Code.  No trustee, examiner or creditors' committee has been appointed in these Chapter 11 Cases.

6.      Prior to the Court-approved sale of their business and assets, the Debtors collectively operated privately owned information and entertainment businesses consisting of the flagship newspaper, The Charleston Gazette-Mail, as well as a related website, weekly publications, a saturation mail product and the following verticals: www.wvcarfinder.com; www.wvrealestatefinder.com; www.wvjobfinder.com; and www.gazettemailclassifieds.com.  As of the Petition Date, the Debtors employed, collectively, approximately 210 people, approximately 170 of which were full-time employees and 40 of which were part-timers.

7.      On March 12, 2018, the Court entered an Order [Dkt. #141] that, among other things, approved the sale of substantially all of the Debtors' assets to HD Media Company, LLC ("HD Media").

8.      On March 16, 2018, the Debtors filed Debtors' Motion for Authority to Disburse Net Sale Proceeds [Dkt. #152] (the "Disbursement Motion").  Pursuant to the Disbursement Motion, the Debtors requested authority to disburse to United Bank certain net sale proceeds upon closing the sale of substantially all of the Debtors' assets.  Also, in the Disbursement Motion, the Debtors disclosed that United Bank had agreed to permit the Debtors to utilize certain of the sale proceeds in which United Bank held a security interest to satisfy undisputed administrative expense claims and wind-down Debtors' business, including, *inter alia*, the retention of an accountant to prepare 2017 and 2018 tax returns and the termination of the

- 2 -

Debtors' employee benefit plans, such as the Charleston Newspapers 401(k) Plan (the "401(k) Plan").

9.  On March 30, 2018, the Court entered a Memorandum Opinion and Order [Dkt. #176] granting the Disbursement Motion.  Later that same day, the Debtors and HD Media's designee, ETBN Group, LLC, closed the sale of substantially all of the Debtors' assets.

10.  On April 13, 2018, and as part of their efforts to wind-down their business, the Debtors filed an application [Dkt. #181] to retain BEC as their accountants (the "BEC Retention Application"), pursuant to which the Debtors disclosed that BEC would be preparing the Debtors' 2017 and 2018 tax returns.

11.  On May 29, 2018, the Court entered an order granting the BEC Retention Application [Dkt. #208].

12.  In connection with their efforts to terminate the 401(k) Plan, the Debtors have learned that, since the 401(k) Plan has had and will have more than 100 participants during 2017 and at the plan's termination, audits of the 401(k) Plan are required pursuant to applicate federal labor laws.  Accordingly, the Debtors need the assistance of BEC to prepare such audits for 2017 and the gap period from January 1, 2018 through the 401(k) Plan's termination.  Since BEC was not authorized to provide such services to the Debtors pursuant to Court order, the Debtors are seeking authority to expand the scope of BEC's retention.

**RELIEF REQUESTED**

13.  By this Application, the Debtors request the entry of an order expanding the scope of BEC's retention to include the additional audit services that are required in connection with the Debtors' effort to terminate the 401(k) Plan.  The terms of BEC's expanded scope of services are set forth in the engagement letter attached hereto as Exhibit A (the "Audit Engagement Letter").

- 3 -

140139630.1

**BASIS FOR RELIEF REQUESTED**

14.     As previously set forth in the BEC Retention Application, effective as of January 1, 2018, the accounting firms of Brown Edwards and Gibbons & Kawash merged, which resulted in the formation of BEC.  Stephen E. Kawash and Gibbons & Kawash had provided tax and accounting services to the Debtors for more than 20 years prior to the Petition Date, and Stephen E. Kawash and BEC continued to provide such services following the merger described herein. Indeed, Gibbons & Kawash has historically prepared the yearly audits of the Debtors' 401(k) Plan.  Accordingly, BEC is intimately familiar with the Debtors' business and financial affairs and well-suited to provide the Debtors with the necessary audit services described in the Audit Engagement Letter.

15.     As previously set forth in the BEC Retention Application, to the best of the Debtors' knowledge, and except as may otherwise be disclosed herein, in the BEC Retention Application or in the Declaration of Stephen E. Kawash in Support of Debtors' Application to Retain Brown Edwards & Company, L.L.P. as Accountants (the "Kawash Declaration"), a copy of which is attached to the BEC Retention Application as Exhibit B, BEC: (a) does not have any connection with the Debtors, the Debtors' officers and directors, the Debtors' shareholders, and certain entities holding large claims against or interests in the Debtors that were made known to BEC; (b) is a "disinterested persons" as that term is defined in section 101(14) of the Bankruptcy Code; and (c) does not hold or represent any interest adverse to the Debtors' estates.

16.     As set forth in the Kawash Declaration, BEC held an unsecured claim of approximately $65,000 for tax and accounting services provided to the Debtors prior to the Petition Date.  However, as is also set forth in the Kawash Declaration, BEC agreed to waive its claim upon its retention in these Chapter 11 Cases.  Since the Court has already approved BEC's

- 4 -

140139630.1

retention, any pre-petition claim that BEC may have held against any one or more of the Debtors

is deemed waived.

17.     Accordingly, as previously set forth in the BEC Retention Application, to the best

of the Debtors' knowledge and except as may be set forth herein, in the BEC Retention

Application, or in the Kawash Declaration:

> (a)     neither Stephen E. Kawash nor BEC holds or represents an adverse interest to any Debtor's estate;

> (b)     upon waiver of its pre-petition claims, BEC will not be a "creditor" of any Debtor;

> (c)     neither Stephen E. Kawash nor BEC has ever been a director, officer, employee or insider of any Debtor; and

> (d)     BEC does not have an interest materially adverse to the interest of any Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in any Debtor, or for any other reason.

18.     In light of the foregoing, the Debtors believe that BEC is a "disinterested person"

within the meaning of section 101(14) of the Bankruptcy Code.  The Debtors have not procured

an additional declaration of disinterestedness from BEC in support of this Application to expand

the scope of BEC's retention.  Rather, the Debtors' rely upon and incorporate herein by reference

the Kawash Declaration, a copy of which is attached to the BEC Retention Application and also

attached hereto for reference as Exhibit B.

19.     As set forth in the Audit Engagement Letter, (a) BEC's standard hourly rates are

$115 for associates, $135 for managers, $245 for directors and $355 for partners, (b) BEC has

estimated that its additional audit services will cost no more than $20,000, and (c) BEC has

agreed and acknowledged that its compensation is subject to Court approval.  The Debtors

140139630.1

submit that the expanded scope of BEC's retention pursuant to the terms of the Audit

Engagement Letter is fair and reasonable.

WHEREFORE, the Debtors respectfully request the entry of an order expanding the

scope of BEC's retention pursuant to the terms of the Audit Engagement Letter and granting

such other and further relief as is just.

Dated:  June 11, 2018

**PERKINS COIE LLP**

By: /s/ *Brian A. Audette*
Brian A. Audette (IL Bar No. 6277056)
(Admitted Pro Hac Vice)
131 S. Dearborn St., Suite 1700
Chicago, IL 60603
Telephone: 312.324.8534
baudette@perkinscoie.com

-and-

Joe M. Supple, Bar. No. 8013
SUPPLE LAW OFFICE, PLLC
801 Viand St.
Point Pleasant, WV 25550
Telephone: 304.675.6249
joe.supple@supplelaw.net

*Co-Counsel to the Debtors and Debtors in Possession*

140139630.1