FILED IN CHARLESTON
U.S. BANKRUPTCY COURT

JUN 14 2018

SOUTHERN DISTRICT
WEST VIRGINIA

TO: United States Bankruptcy Court
Rm - 3200
300 Virginia St. E. Charleston, WV 25301

RE: Bankruptcy Proceeding
No: 2:18-bk-20028

Mathew J. Hayes
Clerk, US Bankruptcy Court

Please Note:
Two of my retirement benefits were eliminated as a result of the Daily Gazette's Bankruptcy —
The loss of these monthly retirement benefits has caused a major financial loss to my retirement. Please review the two enclosed documents and I am hopeful the court can possibly grant my retirement benefits —
Thank you very much. —

Sincerely,

Craig Selby

13



**SHDR**
STANLEY, HUNT, DUPREE & RHINE, INC.
Benefit Consultants



FILED IN CHARLESTON
U.S. BANKRUPTCY COURT

JUN 1 4 2018

*A subsidiary of BB&T*

300 E Wendover Avenue, Ste 100 (27401)
P.O. Box 14967
Greensboro, NC 27415
Phone (336) 273-9492
Fax (336) 273-2712

April 30, 2007

Mr. Norman W. Shumate III
Business Manager, Daily Gazette
Charleston Newspapers
1001 Virginia St. E.
Charleston, WV 25301

Re:   **Revised** - Deferred Compensation Agreements Accounting Information

Dear Trip:

Enclosed is an exhibit detailing the revised reconciliation of the balance sheet liability from December 31, 2005 to December 31, 2006 to reflect the updated benefit amounts due to the change in pay you had provided. In addition to the balance sheet detail, the exhibit includes the Fiscal Year 2007 accounting expenses for the two deferred compensation agreements for the Daily Gazette. Below is a summary of the exhibit:

|  | E.E. Chilton | C.L. Selby | Total |
|---|---:|---:|---:|
| Net Balance Sheet at December 31, 2005 | 393,611 | 469,117 | $862,728 |
| 2006 Net Periodic Pension Cost | (5,413) | 28,147 | 22,734 |
| Actual Benefit Payments | 0 | 0 | 0 |
| Net Balance Sheet at December 31, 2006 | 388,198 | 497,264 | 885,462 |
| 2007 Net Periodic Pension Cost | 112,939 | 156,833 | 269,772 |
| Estimated Benefit Payments | (52,325) | 0 | (52,325) |
| Est. Net Balance Sheet at December 31, 2007 | 448,812 | 654,097 | 1,102,909 |

These calculations are based on a retirement monthly benefit for Mrs. Chilton and Mr. Selby of $4,360.39 and $5,922.33 respectively (the amounts previously valued were $3,646.35 and $5,103.10 respectively). We also assume that Mr. Selby will accrue no additional benefit under the Deferred Compensation Agreement.

Effective December 31, 2006, the costs and liabilities were calculated based on the following assumptions:
- 1994 Uninsured Pensioners' Mortality Table, projected to 2014 mortality table (previously UP-1984)
- 6.25% discount rate (previously 6.00%).

Recognition of gains and losses were immediate for expense calculations. There have been no other changes in actuarial assumptions and no changes in plan provisions since the preceding valuation.

If you have any questions, please contact me.

Sincerely,

Derek A. Scott
Assistant Vice President/Consulting Actuary
(336) 291-1143

c:   Mary Ann Schacht

## SUPPLEMENTAL EMPLOYEE BENEFITS AGREEMENT

THIS AGREEMENT, made this 23rd day of November, 1992, by and between Daily Gazette Company, a West Virginia corporation, hereinafter referred to as "DGCo." or "the Company", and Craig L. Selby of Charleston, West Virginia, hereinafter referred to as "Selby".

### W I T N E S S E T H

WHEREAS, it is the policy of DGCo. to provide certain of the Company's key executives with supplemental death and retirement benefits; and

WHEREAS, Selby's demonstrated abilities in the management of the newspaper operations of DGCo., including past service as General Manager of Charleston Newspapers, the joint venture between DGCo. and the Charleston Daily Mail, and in his present capacity as Publisher of the Charleston Gazette, have been instrumental to the growth and financial health of the Company; and

WHEREAS, Selby and DGCo. have negotiated the death and retirement benefits to be provided Selby by DGCo. as hereinafter set forth.

NOW THEREFORE, in consideration of the premises and mutual covenants of the parties herein contained, DGCo. and Selby agree as follows:

1. <u>Definitions</u>.

As used in this Agreement:

(a) "Active Employment" means the period during which Selby is employed by the Company prior to (i) a determination of Selby's disability hereunder; (ii) the effective date of Selby's voluntary retirement from the Company; and, (iii) the effective date of the termination of Selby's employment with the Company by DGCo.

(b) "Designated Beneficiary" means the person, persons, trust or other legal entity which Selby shall, in a signed, acknowledged writing delivered to DGCo. for attachment to this Agreement, designate to receive the benefits accruing under this Agreement in the event of Selby's death. The designated beneficiary hereunder may be changed at any time by Selby through the execution and delivery of a new designation in the manner hereinbefore described.

(c) "Disability" means the inability of Selby as a result of a determinable physical or mental impairment to perform in the usual manner enough of the regular, substantial and material duties of his position with DGCo. to be able to successfully continue to serve the Company in such capacity.

(d) "Full Salary" means total cash compensation reported on form W-2 received from DGCo.

2. <u>Death Benefits</u>.

(a) <u>Death During Active Employment</u>. If Selby dies prior to January 1, 2010, or prior to his actual date of

retirement, if later, while in the active employment of DGCo., DGCo. shall pay to his designated beneficiary or to his estate in the absence of such designation, the sum of <u>Two Thousand Five Hundred Dollars</u> ($2,500) per month for each of the 60 months next succeeding the death of Selby.

    (b) <u>Death During Period of Disability</u>. If Selby should die after becoming disabled while in the active employment of DGCo., DGCo. shall pay to his designated beneficiary or to his estate in the absence of such designation, the sum of <u>Two Thousand Five Hundred Dollars</u> ($2,500) per month for each of the 60 months next succeeding the death of Selby.

    3. <u>Benefits on Termination of Employment</u>.

        (a) <u>Retirement Benefits</u>.

            (i) <u>Retirement After Age 65</u>. If Selby remains in the active employment of DGCo. until January 1, 2010, (which date is the first day of the month following Selby's sixty-fifth birthday), DGCo. shall pay to Selby on an annual basis an amount which is equal to 25% of Selby's average full annual salary for the five consecutive years of highest aggregate full salary of the preceding ten year period, which amount shall be paid to Selby annually in such installments as he may direct for the remainder of his life. If Selby remains employed beyond January 1, 2010, the benefit amount shall not increase, and commencement of benefits shall be postponed until the first day of the month coincident with or otherwise immediately following Selby's actual retirement.

- 3 -

(ii) <u>Retirement Following Disability</u>. If Selby should become disabled during his active employment by the Company and such disability shall continue until January 1, 2010, then Selby shall be deemed to have retired as of such date, and DGCo. shall thereafter pay to Selby on an annual basis an amount which is equal to 25% of his average full annual salary for the five consecutive years of highest aggregate full salary of the ten years preceding period the date of Selby's disability, which, amount shall be paid annually in such installments as Selby may direct for the remainder of Selby's life.

(iii) <u>Early Retirement</u>. Selby shall have the privilege of retiring at any time subsequent to the date of this agreement, provided, however, that the retirement benefits to which Selby would have been entitled had he remained in the employ of the Company until January 1, 2010, shall be reduced by ½ of 1% for each full month between the date of his early retirement and January 1, 2010.

(b) <u>Retirement Pay for Ten Years Certain</u>. If Selby should die within 120 months following the date of his retirement, the payments to which he would be entitled had he continued to live shall be paid to his designated beneficiary until the expiration of 120 months following the date of his retirement. If Selby shall fail to designate a beneficiary hereunder, such payments shall be made to his estate.

(c) <u>Benefits on Termination Initiated by DGCo.</u> If DGCo. terminates Selby's active employment prior to January 1,

- 4 -

2010, Selby will be deemed to have retired from the Company as of such date and shall be entitled to the payments hereinabove provided for in this section.

4. **Covenant Not to Compete.**

While receiving any of the monthly payments provided for herein from DGCo., Selby shall not, without the consent of DGCo., directly or indirectly enter into or in any manner take part in any business, profession or other endeavor either as an employee, agent, independent contractor, owner or otherwise, which in the opinion of the Directors of the Company shall be in competition with the business of DGCo., which opinion of the Directors shall be conclusive for the purposes of this provision. If Selby shall so compete with DGCo. and shall continue to so compete either directly or indirectly for a period of fifteen (15) days after DGCo. shall have notified him in writing that his activities are in competition with the Company, then no further payments shall be due or payable by DGCo. hereunder to Selby or his designated beneficiaries or to his estate, and the Company shall have no further liability hereunder.

5. **Effect of Change of Ownership on Agreement.**

If a controlling interest in DGCo. is sold or if DGCo. is merged into another corporation, the obligation of DGCo. to provide the benefits specified herein shall survive such transaction and, in the case of a merger, the successor to DGCo. by merger shall assume the obligations of DGCo. hereunder.

- 5 -

6. **Selby's Interest Not Transferrable.**

Selby shall not have the right to commute, encumber or dispose of any right to receive payments under this Agreement, all of which rights are expressly declared to be non-assignable and non-transferrable.

7. **Benefit.**

This Agreement shall be binding upon and shall inure to the benefit of the parties, their legal representatives, heirs, successors and assigns.

8. **Effect of Agreement.**

This Agreement contains the entire agreement of the parties with respect to the benefits provided herein and the rights and obligations of the parties with regard thereto.

IN WITNESS WHEREOF, the parties hereto have affixed their signatures as of the date and year first above written.

DAILY GAZETTE COMPANY

A Corporation

By _Elizabeth E. Chielne_

Its _President_

_____
Craig L. Selby

- 6 -

**CHARLESTON NEWSPAPERS SUPPLEMENTAL EMPLOYEE BENEFITS**
**NOTICE TO RETIRED PARTICIPANT**
**IMMEDIATE ANNUITY**

### Section I.    Identifying Information

**Craig L. Selby**
Participant Name

xxx-xx-3748
Social Security Number

Address

City, State ZIP

☒ Married    ☐ Not married

### Section II.    Your Pension Benefit

Years of Service (for Vesting)    34            Vested Percentage: **100%**
Benefit Commencement Date    **01/01/2013**
Retirement Benefit                **$4,100.09*** per month as a Life Annuity

* Normal Retirement Benefit, $3,450.96, actuarially increased to Deferred Date.

**As of your termination date with Charleston Newspapers, you are entitled to a monthly pension income commencing immediately.** The amount of the benefit is shown above which has been prepared for you due to your termination of employment. These calculations are based on the normal form of benefit (Life Annuity). The value of this benefit and other optional forms of benefit are described and compared on the following pages.

### Section III.    Instructions

In order to begin an immediate pension annuity, you must complete **Sections IV, V and VI of this Form Ret-5 and, if necessary, Form Ben-1** and return the signed and, if necessary, notarized forms to the Human Resources Benefits Department before 60 days have elapsed. The forms expire after 180 days, and time is needed to process them after you return them. If you elect an annuity with a survivor pension less than the immediate 50% Joint and Survivor Annuity payable to your surviving spouse, and are married, your spouse must give his or her prior consent in the presence of a notary or plan representative. *For at least 30 days after you receive this notice*, you and your spouse have the right to consider your decision whether to waive the Qualified Annuity Benefit and consent to another benefit payment option. If you sign and return this form to the plan administrator less than 30 days after you receive this notice, the plan administrator's receipt of your signed form is *your affirmative waiver* of any unexpired portion of the minimum 30-day period. If you affirmatively elect a benefit payment option, you have the right to revoke that election until the annuity starting date, or if later, for at least 7 days after you receive this notice. To make a correction to your name, address or Social Security number, as indicated in Section I, please indicate the correction in **Section I** and return it along with Sections IV, V and VI.

_____
Plan Administrator (304) 348-4846
Charleston Newspapers

Nov. 19, 2012
Date

Plan Sponsor:    Charleston Newspapers
                1001 Virginia Street East
                Charleston, WV  25301

Employer Identification Number
(EIN): 55-0676079
Plan Number (PN): 001

| Section IV. | Form of Payment Options and Annuity Election |
|---|---|

Listed below are the amounts and the effects of the different benefit payment options available to you under our pension plan. If you would like additional information, or have any questions, please contact the Plan Administrator.

Please elect **one** of the monthly forms of payment options below and, if applicable, complete the beneficiary information, to indicate how you want the benefit paid. You may revoke this election before your benefits begin.

| | | | |
|---|---|---|---|
| Participant | **Craig L. Selby** | Date of Birth | 12/13/1945 |
| Spouse | **Mary Sue Selby** | Spouse Birth Date | 02/11/1952 |
| | | Retirement Date | 01/01/2013 |

| This option would provide you with a level monthly benefit for your life. Benefit payments stop when you die. | Payable during Your Lifetime |
|---|---|
| ☐ **Life Only Annuity Option (no beneficiary)** | $4,100.09 |

| These Options would provide level benefit payments for the longer of your life or a certain number of years. Monthly benefits would be paid to you for life. Remaining benefit payments, if any, would be paid to your named beneficiary. (complete Form Ben-1 for each beneficiary) | **Certain & Life Annuity Options** | | |
|---|---|---|---|
| | Guaranteed Monthly Payments | Payable During your Lifetime | Payable to your Beneficiary |
| ☐ **5 Year Certain and Life Annuity Option** | 60 | $4,018.09 | $4,018.09 |
| ☐ **10 Year Certain and Life Annuity Option** | 120 | $3,813.08 | $3,813.08 |
| ☐ **15 Year Certain and Life Annuity Option** | 180 | $3,526.08 | $3,526.08 |
| ☐ **20 Year Certain and Life Annuity Option** | 240 | $3,280.07 | $3,280.07 |

| These Options would provide you with a monthly income for life. After your death, they would provide a specific percentage of your benefit for the rest of the life, if any, of your current spouse. (complete Form Ben-1 for each beneficiary) | **Joint and Survivor Annuity Options** | |
|---|---|---|
| | Payable During your Lifetime | Payable to your Surviving Spouse |
| ☒ **50% Joint and Survivor Annuity Option** | $3,670.95 | $1,835.47 |
| ☐ **67% Joint and Survivor Annuity Option** | $3,543.16 | $2,362.12 |
| ☐ **75% Joint and Survivor Annuity Option** | $3,499.77 | $2,624.83 |
| ☐ **100% Joint and Survivor Annuity Option** | $3,330.98 | $3,330.98 |

Craig L. Selby                                                                         xxx-xx-3748

**Relative Value Comparison**: All optional forms of benefit are approximately equal in value. The monthly amounts are different due to differences in the beneficiary's part of the pension.

This information is being provided to assist you in comparing the total value of the payment options presently available to you from the pension plan. We compare each payment option's present value relative to the present value of a life annuity. The comparisons are determined using a common interest and mortality rate basis to provide an "apples to apples" comparison. The values were calculated assuming an interest rate of 1.99% to discount monthly payments during the first five years, 4.47% to discount monthly payments during the next fifteen years, and 5.26% to discount monthly payments after twenty years. The comparisons are based on average life expectancies, and the relative value of payments ultimately made under an annuity form of benefit will depend on actual longevity.

| Form of Payment | Relative Value |
| --- | --- |
| Life Annuity | N/A |
| 5 Year Certain and Life Annuity | 99% |
| 10 Year Certain and Life Annuity | 97% |
| 15 Year Certain and Life Annuity | 95% |
| 20 Year Certain and Life Annuity | 95% |
| 50% Joint and Survivor Annuity | 101% |
| 67% Joint and Survivor Annuity | 101% |
| 75% Joint and Survivor Annuity | 102% |
| 100% Joint and Survivor Annuity | 102% |

_____          __10/22/2012__
Stanley, Hunt, DuPree & Rhine (Plan Actuaries)                Date

Craig L. Selby                                                                    xxx-xx-3748

### Section V.    Withholding Election

Please check **one** of the following withholding options and attach Form W-4P if applicable:

**Federal Income Tax**
- [x] Automatic withholding - no form required, *e.g.*, 0% withholding on any monthly annuity under $1,640
- [ ] Other withholding or no withholding - Complete IRS Form W-4P.

Please check **one** of the following withholding options and attach all applicable forms:

**State Income Tax**
- [x] Automatic withholding - no form required
- [ ] Other withholding or no withholding - Complete state income tax withholding form. (Go to Department of Labor website for applicable state forms or contact your tax advisor for details on your personal situation)

### Section VI.    Participant Signature and Consent

Please elect **one** of the following signature options, and sign below:

- [x] My spouse is also signing below in the presence of a notary public or plan representative.
- [ ] I am certifying that I have no spouse or that my spouse cannot be found. (The plan representative must sign too.)
- [ ] I am electing an annuity option in the joint and survivor form, and the benefit to the surviving spouse is no less than the amount indicated in Section III. (No spouse or witness needs to sign.)

**Consent to Distribution:** I have received an explanation of the optional benefit forms available under the Plan and I understand the benefit options. I also understand that additional information is available, upon request regarding the effect of the various options or the amount of benefit payment. My election serves as a waiver of the qualified joint and survivor benefit, if applicable, unless my election is to take such an annuity. If I am married, my spouse's consent is provided below, unless I have elected the qualified joint and survivor annuity. I affirmatively waive any unexpired portion of the minimum 30-day notice period during which I may consent to a distribution from the Plan. Further, I understand that I have at least 7 days after receipt of the distribution notice to revoke any distribution election, and I hereby certify that this 7 day period has expired. I hereby elect to receive my benefit upon actual termination of employment in the form designated.

_____          _Nov. 19, 2012_
Signature of Participant                                Date

**Spousal Consent:** I have read (or had read to me) this form and understand the contents hereof, and consent to the optional form of benefit distribution elected by my spouse. I affirmatively consent to the waiver of the qualified joint and survivor annuity and understand the impact of this decision. (NOTE: The Spouse's signature is only needed if a joint and survivor option is not elected. This signature may also be waived if evidence is provided to the satisfaction of the Plan Representative/Notary that there is no spouse or that the spouse cannot be found).

_____          _Nov. 19, 2012_
Signature of Participant's Spouse                        Date
Witnessed by:
_____          _Nov. 19, 2012_
Notary Public (Seal) or Plan Representative              Date

OFFICIAL SEAL
Notary Public, State of West Virginia
VANESSA ADAMS-SNYDER
129 Main Avenue
Nitro, WV 25143
My commission expires November 4, 2021

SHDR                                          Page 4 of 5                          10/22/2012
                                                                                  Form Ret-5

### Section VII. Data for Benefit Calculation

Under the provisions of the plan as in effect on the date of determination you have been credited with enough years of vesting service to receive a benefit at your Benefit Commencement Date. The following information was used to calculate your benefit:

| Participant: | Craig L. Selby | | Today's Date | 10/22/2012 |
|---|---|---|---|---|
| Social Security Number | | xxx-xx-3748 | Date of Birth | 12/13/1945 |
| Spouse | Mary Sue Selby | | Date of Birth | 02/11/1952 |
| Date of Employment | | 01/31/1968 | Date of Termination | 09/12/1992 |
| Date of Employment | | 05/07/2004 | Date of Termination | 12/31/2012 |
| Years of Benefit Service | | 29.91667 | Normal Retirement Date | 01/01/2011 |
| Years of Vesting Service | | 34 | Earliest Retirement Date | 01/01/2013 |
| Covered Compensation | | $61,480.00 | Annuity Start Date | 01/01/2013 |
| Average Salary Used to Calculate Benefit | | $262,854.25 | Date of Lump Sum | * |
| Salary History Used to Calculate Benefit | | | 2008 | $268,337.46 |
| | | | 2007 | 270,373.75 |
| | | | 2006 | 266,318.62 |
| | | | 2005 | 253,705.29 |
| | | | 2004 (8 months) | 167,918.05 |
| | | | | |
| | | | | |
| | | | | |

Accrued benefit frozen as of 12/31/2008.

*The Lump Sum amount as of 01/01/2013 exceeds the $5,000.00 limit and is therefore not an available option.

**Please review the above data carefully.**