# **<u>EXHIBIT B</u>**



**AUCTION LISTING AGREEMENT
FOR SALE OF REAL ESTATE AND/OR
PERSONAL PROPERTY**

THIS CONTRACT made this ___9th___ day in the month of August, 2018 by and between Daily Gazette Company ("Seller") and Greenway's Real Estate & Auction, Inc. ("Auctioneer") in consideration of their mutual promises and covenants herein, for Auctioneer to serve as Seller's agent and sell all that certain property described as Tract No. 38, "Deer Ridge Section" of Timberline Sub-Division for Allegheny Properties, Inc. located in Tucker county, West Virginia ("property") at auction.

**1. Date, Time, and Location** - The auction will be conducted on the 29th day of September, 2018 at 3:00 p.m. on location at the property, or on such other date or at such other time as may be ordered by the United States Bankruptcy Court for the Southern District of West Virginia (the "bankruptcy court"). Auctioneer will have full access to the property beginning on as needed with reasonable prior notice.

**2. Auctioneer Warrants** - (a) to prepare and conduct the auction to Seller's advantage; (b) to provide the equipment, materials, and labor necessary for the auction at Auctioneer's expense, unless otherwise directed in this contract; (c) to receive, disburse, and account for the auction proceeds; (d) to do all other things herein agreed.

**3. Seller Warrants** - (a) to lawfully own and possess the property, or otherwise be vested with the right to sell it and receive the proceeds; (b) to immediately convey possession and merchantable title of ownership to all buyers; (c) the property does not include dangerous, hazardous, harmful, or illegal substances, has no hidden latent or patent defects, and poses no environmental, health, safety, or other hazard; (d) not to interfere with Auctioneer's work; (e) the property is not subject to the Bulk Sales Act (Section 8.6A-101 of the code of Virginia, or replacement) unless disclosed by Seller in a written notice attached to this contract giving all details; (f) the property is not subject to any lien, security interest, dispute of title, or other encumbrances, unless disclosed in a written notice attached to this contract giving all details, except for (i) liens in favor of the Pension Benefit Guaranty Corporation, which will be released at closing; (ii) liens for unpaid real estate taxes and homeowners' assessments, if any, which will be assumed and paid by the buyer, and (iii) easements, covenants and conditions of record, which do not materially interfere with the use of the property; (g) to assist in preparing the property for auction as requested by Auctioneer, and do those things deemed reasonably necessary by Auctioneer to present the property in the most favorable light; (h) to accurately represent the property including, but not limited to, its description, type, composition, quality, condition, and value; (i) to not bid on the property either directly or indirectly; (j) to do all other things herein agreed.

**4. Marketing** - (a) Auctioneer may market property, as it deems advisable, (b) Seller will pay Auctioneer a nonrefundable marketing cost as described herein, and Seller's written permission will be obtained before any other cost is incurred for Seller's account beyond this amount, (c) Auctioneer may advance such cost and Seller will fully reimburse Auctioneer at settlement or upon cancellation of the auction or termination of this agreement, as the case may be, (d) Seller's name may be used in any marketing to promote the auction, (f) Auctioneer has the right to place auction signs on the property to further advertise the auction and it may remove other signs at its discretion.

**5. No Guarantee** - Auctioneer makes no guarantee of any outcome or result from the auction.

**6. Delivery/Insurance** - It is Seller's responsibility and liability to deliver to the Buyers a good and marketable title to all real and personal property, free and clear of all liens and encumbrances, etc. except for (i) liens for unpaid real estate taxes and homeowners' assessments, if any, which will be assumed and paid by the buyer, and (ii) easements, covenants and conditions of record, which do not materially interfere with the use of the property. Seller is liable for any and all claims, damages, expenses, or theft of any real or personal property prior to delivery of title to the Buyers irrespective of location. Seller is responsible for properly insuring their own interest in the real estate and/or personal property, for any and all damage, liability, loss, theft, etc. Seller understands that Auctioneer specifically does not take care, custody or control of the real and personal property. It is strictly and solely Seller's responsibility and liability, irrespective of location, to insure and protect their real and personal property. Auctioneer is an agent only for Seller and assumes no responsibility or liability for the real and personal property.

**7. Reserves** - It is mutually agreed that all real estate and personal property will be sold to the highest bidder or at a privately negotiated sale with the exception of items herein specified as reserved. If a bid price or offer equals or exceeds the reserve price, or Seller authorizes Auctioneer to accept the bid price or offer, Auctioneer has earned his commission. Also, when the sale price on a reserved item, lot or real estate is above the reserve amount, Auctioneer can apply this excess monetary amount towards the reduction of the reserve amount on other reserved items, lots or real estate thus reducing the other items, lots or real estate reserve price. The Auctioneer may also reduce their commission on a reserved item, lot and real estate and apply that portion of the commission, whether at public or private auction or privately negotiated sale, toward the reserve price, thus reducing that item, lot or real estate reserve price. The entire property will be sold as a single lot. ██████████████████████████████████
██████████

**8. Sole and Exclusive Right** - Seller grants Auctioneer the sole and exclusive right to sell the real estate and/or personal property described herein or on the attached schedules, if any, for so long as this agreement has not been cancelled terminated as provided in Section 9 below. Seller will pay or cause to be paid to Auctioneer (a) a 10% Buyer's Premium upon the closing of the sale of the property if the property is sold at the auction; (b) an amount equal to 10% of the reserve price if this agreement is cancelled by Buyer before the scheduled date of the auction, as extended, or the property is withdrawn from the auction, which payment, in either case, shall be made on or prior to the date which is five days after the scheduled auction date; or (c) if the property is not sold at the auction but is sold within six months after the scheduled auction date to a bidder registered at the auction or otherwise independently produced by Auctioneer, a commission equal to 10% of the sale price upon the closing of such sale of the property.

**9. Cancellation and Termination** - In the event of any cancellation of this agreement or the auction by Seller (direct or indirect), Auctioneer will be reimbursed all costs involved for advertising, advertising retractions, promotion, out of pocket expenditures, labor (including travel time), travel, tents, port-a-john, mobile office, etcetera, including attorney fees and court costs, if necessary. This agreement will terminate (a) if the property is sold at the auction, upon the closing of the sale of the property and payment to Auctioneer of the Buyer's Premium and Auctioneer's expenses, and (b) if the property is not sold at the auction and the scheduled auction date is not extended to a date mutually acceptable to Buyer and Auctioneer, upon written notice by Seller to Auctioneer; provided that Seller shall remain obligated to pay or cause to be paid to Auctioneer the amounts, if any, described in Sections 4 and 9 of this agreement notwithstanding any such termination.

**10. Seller Compliance** - Seller shall execute and deliver any and all required documents to Auctioneer or the intended parties in an efficient and prompt manner. Seller shall comply with all laws including, but not limited to, the Bulk Sales Act, the Uniform (Commercial Code, Seller disclosures, etc.) If requested, Seller will complete and sign any and all disclosure forms pertaining to condition of the real estate and/or

personal property. These disclosures will be made available to potential Buyers, upon request or at bidders packets. Seller is responsible for all compliances, all applicable laws and all expenses involved for compliances, but shall not be responsible for unpaid homeowners' assessments or real estate taxes, if any.

**11. Deposits** - Seller agrees all deposits will be held in escrow by Greenway's Auction Company unless stated otherwise in the auction sales agreement. Upon Buyers forfeit of a deposit, Seller will retain the deposit with the exception of expenses due Auctioneer herein. The Auctioneer in no case or manner will be held responsible by Seller for the Buyers performance or non-performance to purchase.

**12. Promotionl/Lotting** - The Auctioneer is granted the authority from Seller to prepare ads, place ads, post on website/s, promote, market, place signs and to set the terms, conditions, date, time and place for the auction in a manner Auctioneer deem necessary.

**13. Indemnify** - Seller indemnifies and saves harmless Auctioneer and their employees, agents, successors or assigns, against any and all claims, loss, liabilities, damages, demands, action or cause of action whatsoever in any manner (collectively, "claims") arising from this auction or privately negotiated sale, whether before, during or after the auction, except to the extent of any claims arising from Auctioneer's fraud, negligence or willful misconduct. Auctioneer is not responsible for accidents. Seller must insure its own liabilities, interests, etcetera in all real estate and/or personal property. Seller also agrees that any and all hazardous materials are strictly and solely Seller's ownership and responsibility, and indemnifies Auctioneer and their employees, agents, successors, assigns, as stated above for the same.

**14. Expenses** - Seller agrees that Auctioneer's fee, commission and all expenses incurred for conduction of the auction as agreed below (such as advertising, promotion, marketing, signage, labor (including travel time), travel, tent, port-a-john, equipment rental, dumpsters, etcetera) shall first be paid from the proceeds realized from the auction or privately negotiated sale before payment and satisfaction of any of the above described liens or encumbrances.

    Nonrefundable Marketing Expense: **$1,500.00**

    Auctioneer's Fee/Commission: **Real Estate N/A**

    Auctioneer's Fee/Commission: **Personal Property N/A**

    Labor Fee: **N/A** Persons paid $N/A per hour each, not to exceed $N/A

**15. Forms of Payments** - Seller agrees that any and all checks or forms of payment made payable to Auctioneer, or taken as payment, are taken subject to collection. Auctioneer assumes no responsibility for collection of payments.

**16. Buyers Premium** - Seller [X] grants [ ] **does not grant**, Auctioneer the authority to charge a Buyers Premium. The Buyers Premium on the Real Estate is in the amount of ten percent of the sale price. A Buyers Premium is a flat fee amount or a percentage of the high bid, which is added to the high bid amount to achieve the contract or sales price. The buyer's premium is earned and retained by the auction company.

**17. Binding** - This agreement shall be binding upon the undersigned and their respective heirs, administrators, executors, powers of attorney, trustees, agents, receivers, successors arid assigns, etc. The terms and conditions of this agreement shall survive settlement or lack thereof if there is more than one

owner; the obligations imposed by this agreement shall be joint and several. If any term of this agreement is determined by a court to be unenforceable, the remainder of this agreement shall not be affected. This agreement may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall constitute one and the same agreement. Delivery of an executed counterpart signature page to this agreement by facsimile or electronic means (i.e., in "pdf" or "tif" format) shall be as effective as delivery of a manually executed counterpart.

**18. Acknowledgement** - Seller and Auctioneer each has had the opportunity to read the foregoing agreement and has had the opportunity to have legal advice as to its contents, requirements and liabilities, and agree to the responsibilities, obligations, and conditions thereof. This agreement is subject to bankruptcy court approval and shall not be effective until such approval is obtained by Seller.

**19. Entire Agreement** - This written agreement constitutes the entire agreement between the parties and no modification of this agreement shall be effective unless made in writing and signed by the parties. Seller acknowledges receipt of a copy of this agreement and attached schedule (if any).

**20. Forum Selection and Applicable Law** - The parties agree that any litigation or dispute concerning enforcement of this contract shall be brought in the State of West Virginia, the jurisdiction shall be in the County of Tucker and that National, State, and Local law shall govern. The prevailing party shall be entitled to an award of court costs and attorney fees incurred.

> Seller acknowledges receiving a copy of this agreement at the time of signing and have executed this agreement in (triplicate) on the date set forth above. Each party acknowledges that it has read, understands, and fully accepted the terms & conditions of this contract and has received a fully executed copy. Initials: _____

The Daily Gazette Company

By: _____ /s/ _____
     Seller(s) Signature

Scott Road
Address

Charleston, WV 25314
City         State         Zip

Phone 304 395 1135

Alt Phone or Cell _____

Greenway's Real Estate & Auction, Inc.
201 W. Locust Street, Covington, VA 24426
(540) 962-1155 or (800) 420-1155

By: _____ /s/ _____
     Auctioneer/Company Representative
     (VAAF 096) (WVAL 461)