*Frank W. Volk*
Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

**Dated: December 1st, 2018**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Daily Gazette Company, *et al.*, | ) | Case No. 18-20028 |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |

### ORDER AUTHORIZING DEBTORS' RETENTION OF AUCTIONEER
### AND AUTHORIZING THE SALE OF REAL ESTATE

Upon the motion [Dkt. #____] (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (a) authorizing the Debtors to retain Greenway's Real Estate & Auction, Inc. ("Auctioneer") as auctioneer and (b) approving the sale of certain vacant real estate owned by Debtor Daily Gazette Company ("DGC") free and clear of all liens, claims, encumbrances and interests; and upon the record of the hearing on the Motion, if any; and this Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: Daily Gazette Company (4480); Daily Gazette Holding Company, LLC (2981); Charleston Newspapers Holdings, L.P. (3028); Daily Gazette Publishing Company, LLC (3074); Charleston Newspapers (6079); and G-M Properties, Inc. (4124).

[2] Capitalized terms used in this Order but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given under the circumstances; and it appearing that no other or further notice of the Motion is required; and this Court having found that good and sufficient cause exists for the relief granted by this Order, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein and all objections to the Motion, if any, are hereby overruled in their entirety.

2. The Debtors are authorized to retain Auctioneer pursuant to the terms and conditions of that certain Auction Listing Agreement dated as of August 9, 2018 by and between DGC and Auctioneer, a copy of which is attached to the Motion as Exhibit B (the "Auction Agreement") to permit Auctioneer to market and conduct a public auction (the "Auction") for the sale of that certain unimproved real property owned by DGC in Dry Fork District, Tucker County, West Virginia, which is commonly known as Tract No. 38 in Deer Ridge Section of Timberline Sub-Division (the "Timberline Real Estate").

3. Upon entry of this Order, the Debtors are authorized to pay Auctioneer $1,500, which shall constitute a one-time, non-refundable payment to reimburse Auctioneer for all expenses it will incur in connection with marketing the Timberline Real Estate for sale and conduction a public auction for the sale of the Timberline Real Estate.

4. The Debtors are further authorized to cause all other compensation owed to Auctioneer pursuant to the terms and conditions of the Auction Agreement to be paid to Auctioneer without further order of this Court; provided, however, that if any such compensation

is greater than that contemplated by and described in the Auction Agreement, such greater compensation shall be subject to Court approval upon proper application to the Court.

5.  Provided that a winner bidder is identified by the Debtors and Auctioneer at the conclusion of the Auction, the Debtors are authorized to convey title to the Timberline Real Estate to such winning bidder (the "Purchaser") and to take any and all actions reasonably necessary or appropriate to convey such title without further order of Court.

6.  Upon closing (the "Closing") of the sale of the Timberline Real Estate to the Purchaser, the transfer of the Timberline Real Estate to the Purchaser will be a legal, valid, binding and effective transfer of the Timberline Real Estate and will vest the Purchaser with all right, title, and interest of DGC to the Timberline Real Estate free and clear of liens, claims, encumbrances and interests pursuant to Section 363(f) of the Bankruptcy Code.

7.  Upon Closing and after (a) satisfaction of Auctioneer's compensation pursuant to the terms and conditions of the Auction Agreement, (b) satisfaction of other reasonable and necessary costs associated with Closing, if any, and (c) the Debtors' reserve of certain funds they estimate will be necessary to satisfy all reasonable attorneys' fees and costs incurred in connection with pursuing the entry of this Order and conducting the Closing (which fees and costs shall remain subject to further order of Court), the Debtors are authorized and directed to disburse the remaining proceeds of sale to the Pension Benefit Guaranty Corporation without further order of Court.

8.  Notwithstanding the possible applicability of Bankruptcy Rule 6004 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable.